T.C. Summary Opinion 2004-133


UNITED STATES TAX COURT


LOUIS C. JONES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15608-03S.          Filed September 27, 2004.


Louis C. Jones, pro se.

<u>Michelle Maniscalco</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $3,025 for the taxable year 2002.

After concessions by both parties, the issues remaining for decision are: (1) Whether petitioner is entitled to claim a dependency exemption for his stepson under section 152 for the taxable year 2002; and (2) whether petitioner is entitled under section 32(a) to the earned income credit for the taxable year 2002.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in New York, New York, on the date the petition was filed in this case.

On February 17, 2003, petitioner filed his 2002 Federal income tax return. On this return, petitioner reported head-of-household filing status, claimed a dependency exemption for his 21-year-old stepson, Christopher K. Bernard (Christopher), and claimed an earned income credit. Respondent issued a notice of deficiency to petitioner determining a deficiency of $3,025 based on single-filing status. After issuance of the notice of deficiency, petitioner filed an amended Federal income tax return for the year 2002. In the amended Federal income tax return petitioner changed his filing status to married filing jointly. Respondent concedes that petitioner is entitled to married filing jointly as his filing status, thereby allowing petitioner the

applicable standard deduction of $7,850 for 2002. The amended joint filing entitles petitioner to two personal exemption deductions, one for himself and one for his wife. In 2002, the exemption deduction amount was $3000.

Christopher was born on October 12, 1981, and turned 21 years old during the year in issue. During 2002, Christopher resided in the same place of abode as petitioner, petitioner's wife (Christopher's mother) and other extended family members. Also in 2002, Christopher did not work but attended some classes at a "computer school". However, he never officially enrolled in any school or classes. Christopher was not a full-time student during the year in issue.

Petitioner and his family resided in public housing during the year in issue. Petitioner paid rent of $147 per month for a four-bedroom apartment in the Red Hook section of Brooklyn, New York.

Petitioner made about $280 a week from his employment as a security guard. After petitioner paid the rent, he would give the rest of the proceeds from his paycheck to his wife who would buy food and necessities for all the members of the family. Petitioner no longer controlled any of the financial decisions once the proceeds were given to his wife. Petitioner did not know what was purchased with the proceeds of his check.

Christopher received an unspecified amount of support from his father, which was used to buy clothing and other items.

Petitioner had health insurance coverage from his employment and medicaid coverage from his past service in the United States military. These health insurance plans covered health benefits for petitioner and his wife; however, they did not cover any health benefits for Christopher.

Dependency Exemption--Section 152

Respondent contends that the change in filing status of petitioner from single, as determined in the notice of deficiency, to married filing jointly makes the issue of the dependency exemption deduction for Christopher moot.

Under joint filing status, petitioner is able to claim an additional exemption deduction for his wife and is able to claim the 2002 standard deduction for such filing of $7,850.

Petitioner's adjusted gross income for the year in issue was $13,398. Petitioner's wife did not have any gross income for the year in issue. Therefore, their combined adjusted gross income was $13,398. The 2002 standard deduction for individuals married filing jointly was $7,850. In 2002, taxpayers eligible to file under married filing jointly status are entitled to a $3,000 deduction for each exemption claimed, which in the present circumstance would be two exemptions for petitioner and his wife or $6,000 in exemption deductions. Therefore, as can be seen by

the joint adjusted gross income and the deductions that petitioner and his wife are entitled to, when filing jointly petitioner and his wife have no taxable income in the year 2002, even without an exemption deduction for Christopher. Therefore, even if petitioner were entitled to a dependency exemption deduction for Christopher, such a deduction would not reduce his taxable income.

Even if this issue had not been made moot by the change in filing status of petitioner, on this record, petitioner has failed to establish that he provided more than half of the total support for Christopher. See Archer v. Commissioner, 73 T.C. 963, 967 (1980); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971); sec. 1.152-1(a)(2)(i), Income Tax Regs.

Earned Income Credit--Section 32

Petitioner claimed an earned income credit with Christopher as the qualifying child. In the notice of deficiency, respondent disallowed the earned income credit. Respondent contends that petitioner is not entitled to an earned income credit under section 32 for his stepson Christopher, because Christopher was not a full-time student in 2002.

Subject to certain limitations, an eligible individual is allowed a credit which is calculated as a percentage of the individual's earned income. Sec. 32(a)(1). Earned income includes wages. Sec. 32(c)(2)(A). For the year in issue,

individuals who do not have any qualifying children, and whose earned income is $12,060[1] or greater, are not entitled to an earned income credit for that year.  Sec. 32(a) and (b).  An individual with qualifying children is entitled to a credit at higher levels of earned income and in a larger amount than is an individual without qualifying children.  Id.  As is relevant here, a qualifying child is a child of a taxpayer who has the same principal place of abode as the taxpayer for more than half of the taxable year and who meets the age requirements.  Sec. 32(c)(3)(A).  An individual meets the age requirements if such individual has not attained the age of 19 as of the close of the calendar year in which the taxable year of the taxpayer begins, is a student (as defined by section 151(c)(4)) who has not attained the age of 24 as of the close of such calendar year, or is permanently and totally disabled at any time during the taxable year.  Sec. 32(c)(3)(C).

As discussed above, Christopher had attained the age of 21 in 2002.  Petitioner also conceded that Christopher was not a full-time student, and, therefore, was not a student as defined by section 151(c)(4).

Upon the basis of the record, we hold that Christopher does not satisfy the requirements for a qualifying child with respect

---

[1]This amount was obtained from the 2002 earned income credit tables prescribed pursuant to sec. 32(f).

to petitioner and his wife for 2002.  See sec. 32(c)(3)(A)(i) through (iii) and sec. 32(c)(3), (C)(ii).  Based on their income and the earned income credit tables prescribed pursuant to section 32(f), we hold that petitioner and his wife are not entitled to an earned income credit for 2002.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.